**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-23717-MOORE/Elfenbein

**PATRYCIA KRATIUK**,

      Plaintiff,

 v.

**TRANS UNION LLC**, *et al.*,

      Defendants.

_____/

### ORDER ON MOTION FOR ATTORNEY'S FEES AND COSTS

**THIS CAUSE** is before the Court on Plaintiff Patrycia Kratiuk's ("Kratiuk") Motion for Attorney's Fees and Costs (the "Motion"), ECF No. [51].  In the Motion, Plaintiff seeks sanctions in the form of an award of attorney's fees and costs under Federal Rule of Civil Procedure 37 arising from a discovery dispute on the subject of punitive damages discovery.  *See* ECF No. [51].  The Court held a discovery hearing on the dispute on March 13, 2026 (the "Hearing").  *See* ECF No. [47]. At the Hearing, Kratiuk made an Oral Motion to Compel IC System to Produce Better Answers to Interrogatory No. 6 ("Oral Motion to Compel Better Rog Answers").  *See* ECF No. [48].  Kratiuk also made an Oral Motion to Compel IC System to Produce Better Responses to Request for Production Nos. 8 and 9 ("Oral Motion to Compel RP Responses").  *See* ECF No. [49].

The Court ruled on both Oral Motions at the Hearing.  The Oral Motion to Compel Better Rog Answers, ECF No. [48], was granted and IC System's objections were overruled.  *See* ECF No. [50]. Specifically, the Court ordered Defendant "to provide a better Answer to Interrogatory No. 6 because Kratiuk pled punitive damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*, (the "FCRA") in her Complaint, making the financial information sought in Interrogatory No. 6 relevant."  *Id.*  The Court further determined, "over IC System's objections, that the discovery

mechanisms provided in Florida Statute § 768.72 are inapplicable to cases based solely on federal questions, as is the case here." *Id.*

Regarding Kratiuk's Oral Motion to Compel RP Responses, ECF No. [49], the Court granted it in part and denied it in part and, in turn, the Court sustained in part and overruled in part IC System's objections. *Id.* Specifically, as to Request for Production No. 8, the Court found "that the financial information Kratiuk seeks through this discovery request is discoverable," but the request was "overly broad in scope because it requests net worth information dating back three years" and "[f]or purposes of punitive damages, it is important to provide the jury with a picture of IC System's most current net worth or financial picture." *Id.* For that reason, the Court limited financial worth information dating back two years only. *Id.* The Court made the same ruling as to Request for Production No. 9. *Id.*

Rather than request attorney's fees under Rule 37 during the discovery hearing, as is customary, Kratiuk waited one month to request an award of attorney's fees in the Motion. Although written discovery motions are not allowed without prior leave of Court, *see* ECF No. [6] at 2, and Kratiuk did not first obtain leave, the Court will consider the request via written motion this one time. Specifically, Kratiuk's Motion asks the Court to order IC System to pay her fees and costs related to her counsel's preparation of the Notice of Hearing, preparation for the Hearing, and attendance at the Hearing on her Oral Motions to Compel. *See* ECF No. [51]. Kratiuk argues that fees are warranted because IC System improperly objected to discovery requests and Kratiuk prevailed on the Motion to Compel. *See* ECF No. [51] at 1-2. In its Response, on the issue of entitlement to fees, IC System argues that an award of fees and costs is not appropriate because Kratiuk was only partially successful in the Motion to Compel as the Court determined Requests Nos. 8 and 9 were overly broad, sustaining its objections in part. Given that Kratiuk did not fully succeed on her arguments at the Hearing, IC System argues that its position was not substantially unjustified and that it would be unjust to award

expenses under the circumstances.  Plaintiff did not file a Reply and the time to do so has long passed.

Rule 37 provides that if a party moves to compel discovery and the motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See* Fed. R. Civ. P. 37(a)(5)(A). The language of Rule 37(a)(5)(A) is mandatory, not permissive, so the Court is required to grant the movant its reasonable expenses unless one of three exceptions applies. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).  More specifically, "the court must not order this payment if" the "movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" the "opposing party's nondisclosure, response, or objection was substantially justified;" or "other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

The Court finds that two of the three exceptions apply here.  Indeed, IC System's objections within Request for Production Nos. 8 and 9 were, in part, substantially justified, as evidenced by the fact that the Court only granted Kratiuk's Oral Motion to Compel in part and sustained IC System's objections in part.  This means that neither party was a clear victor at the Hearing.  Rather, they each partially prevailed and partially lost, making IC System's objections substantially justified.  *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).  In addition, the Court finds that the circumstances here in which Plaintiff only partially prevailed would make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). To find otherwise would penalize parties that assert valid objections on some grounds simply because they did not prevail on all grounds.  Given that two of the exceptions under Rule 37(a)(5)(A) apply here, the Court "must not" order the payment of Kratiuk's expenses incurred in making the Oral Motions to Compel.  *See* Fed. R. Civ. P. 37(a)(5)(A).  Accordingly, the Motion, **ECF No. [51]**, is **DENIED**.

**DONE and ORDERED** in Chambers in Miami, Florida on May 27, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:

Counsel of Record

4